**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian, ID  83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599 - Facsimile**
kam@kam13trustee.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| LELA BEYER | CASE NO.  21-00388-NGH |

**TRUSTEE'S OBJECTION TO CONFIRMATION**

      NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and as for her Objection to Confirmation states as follows:

1. The debtor(s) filed for Chapter 13 relief on 06/16/2021.
2. The 341 (a) Meeting of Creditors held on <u>07/12/2021</u>.
   - ☒ Concluded
   - ☐ Taken off calendar
   - ☐ Continued to
3. The plan filed <u>06/16/2021</u> by the Debtor(s) fails to meet confirmation requirements.
4. The trustee objects to confirmation of the Chapter 13 Plan for the following reasons:
   - ☐ The debtor(s) failed to appear [11 USC 341(a)].
   - ☒ The Chapter 13 Plan unfairly discriminates against a class of general unsecured claims [11 USC 1322(b)(1)].  Per the plan trustee is not to pay the claim of Navient no. 6 because she states it is not due until 2023 but has not provided proof that it is not due yet and has not indicated how it will be paid when it is due during the term of her plan.  The debt is for a student loan for debtor's adult son.
   - ☐ The debtor(s) plan fails to provide for the following secured debt(s):
   - ☐ Plan fails to provide for full payment of all claims entitled to priority as required by Section 507(a).
   - ☐ The post-petition payments to secured creditors are delinquent.
   - ☐ The proposed Chapter 13 Plan is not feasible as the debtor(s) lacks sufficient regular income [11 USC 109(e)]
   - ☐ The debtor(s) is/are delinquent in the Chapter 13 Plan payments.
   - ☐ Notice fails to comply with Rule 7004 as to the following creditors:
   - ☐ The proposed Chapter 13 Plan is underfunded.
     ☐ See attached Trustee's plan review form.

☒ The trustee objects to the exemption(s) claimed [B.R. 4003(b)] on past due child support.
☐ The following assets are missing from Schedules A/B:
☐ The debtor(s) has/have failed to file Chapter 13 Plan in good faith:
☒ The Statement of Financial Affairs must be amended to include: Self-employment income not listed

☒ Proposed Chapter 13 plan fails to meet liquidation value [11 USC 1325 (a)(4)] (if trustee succeeds on her objection to exemption.
    ☐ Non-exempt equity $*  Plan paying $*
    ☒ Must be 100%.
    ☐ Must be 100% with interest.
    ☐ Other:

☒ Proposed Chapter 13 plan fails to provide that all of debtor(s)' projected disposable income to be received during the applicable commitment period will be applied to make payments to unsecured creditors under the plan, [11 USC 1325 (b)(1)(B)] or no cause to extend.
    ☒ Income higher for:
      ☒ Debtor: self-employment income not listed
      ☐ Co-debtor:
    ☐ Unreasonable expenses:
    ☐ Proof of expenses required:
    ☐ Tax Refunds should be paid into plan in addition to plan payments.
    ☐ Debtor(s) are contributing to voluntary retirement accounts.
    ☐ Debtor(s) are paying secured claims directly, plan payments will need to increase once the following secured claims have been paid in full.
    ☐ Debtor or co-debtor is unemployed/underemployed, debtor(s) will need to file an amended schedule I if there is a change.
    ☒ Other: Debtor states the only one that resides with her is her son Aaron and he contributes by paying the water bill. However, she provided a bank statement for herself and Ryan Magana at her address and she provided a Verizon statement in the name of Carol Ramirez at her same physical address. Trustee needs to know who Ryan Magana and Carol Ramirez are, if they reside with the debtor and if they contribute to the household.

☒ Other confirmation issues: Maxx pm claim no. 5 filed a priority claim that is not provided for. It does not appear to be an actual priority and must be objected to.

5. ☒ Above Median Debtor
    ☐ Plan proposed is not 60 months.
    ☒ Plan payment is insufficient – debtor(s) are not meeting the disposable income requirement of Form 122C. Debtor has a disposable income requirement of 1081.33 per month or $64,879 but the plan pays only $24,413.61 to unsecured creditors
    ☐ Following expenses are inconsistent between schedules I/J and Form 122C:

      ☒    Following lines are incorrect on Form 122C: self-employment income not listed

      ☒    Amended Form 122C Required. Self-employment income not listed

      ☒    Other: Disposable income listed as $2297 but plan payment proposed at only $1200 per month.

6.    ☒    Debtor(s) have failed to produce the following documents required by 11 USC 1308(a)2, 521(e)2(A) and 521(a)1(B)iv:

      ☒    Proof that the debtor(s) filed the last 4 years of tax returns pursuant to 11 USC§1307(e). Trustee is missing tax returns for: tax return is incomplete and does not include all schedules primarily missing "the attached statement" containing the self-employment income or schedule C.

      ☐    Paycheck stubs or proof of current income– Pursuant to 11 USC 521. Trustee is missing:

7.    ☐    The debtor(s) has/have failed to cooperate with the trustee [11 USC 521 (3)] as the following document(s) was/were not provided:

      ☐    Divorce decree(s) and/or child support order(s).

      ☐    Amended schedule H listing name and address of any co-debtor(s).

      ☐    Bank statements from the date of filing and the 90 days prior to filing. Trustee is missing the following statements:

      ☒    copies of probate documents for husbands estate.

      ☐    Proof of Income from: self-employment

      ☐    Automobile installment contracts for all automobiles to be paid through paragraphs 3.1 or 3.3 of the plan.

      ☐    Profit and Loss statements from the six months prior to filing and corresponding business bank statements, if applicable.

      ☐    Business Questionnaire and all necessary attachments.

8.    X    Debtor(s) self-employed: debtor(s) will need to provide periodic business reports to the Trustee's office during the term of the plan unless plan pays 100% to unsecured creditors.

WHEREFORE, the trustee objects to confirmation of the Chapter 13 Plan for the foregoing reasons.

DATED:  August 5, 2021

                                                      /s/  Kathleen McCallister
                                                      **Kathleen McCallister, Trustee**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 5, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

JOHN O. AVERY
**Attorney at Law**
joa@averylaw.net


AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

    Via first class mail, postage prepaid addressed as follows:

**LELA BEYER**
**605 W. ARCHERFILED ST.**
**MERIDIAN, ID 83646**

                                                    /s/ Kathleen McCallister
                                       **Kathleen McCallister, Trustee**